IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAWN ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-11-1140-C |
| | ) | |
| JENNY ALEZOPULOS, in her Official capacity as President of the Oklahoma Board of Health; R. MURALI KRISHNA, in his official capacity as Vice-President of the Oklahoma Board of Health; CRIS HART-WOLFE, in her official capacity as Secretary-Treasurer of the Oklahoma Board of Health; ALFRED BALDWIN, JR., in his official capacity as a member of the Oklahoma Board of Health; MARTHA A. BURGER, and in her official capacity as a member of the Oklahoma Board of Health; TERRY R. GERARD III, in his official capacity as a member of the Oklahoma Board of Health; RICHARD G. DAVIS, in his official capacity as a member of the Oklahoma Board of Health; BARRY L. SMITH, in his official capacity as a member of the Oklahoma Board of Health; RONALD WOODSON, in his official capacity as a member of the Oklahoma Board of Health; TERRY CLINE, in his official capacity as Commissioner of Health of the State of Oklahoma, and DAN DUROCHER, in his official capacity as Director of the Office of Accountability Systems, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action raising three distinct claims for relief. First, Plaintiff alleged that his termination by Defendants violated his liberty interests in protecting his good name. Second, Plaintiff argues that his termination violated Oklahoma's public policy. Finally, Plaintiff seeks a declaratory judgment that certain records now held by the Office of Accountability Systems should be made public.

Plaintiff was employed by the Department of Health, working in the Emergency Medical Services Division. In 2001, Plaintiff was appointed as EMS Director. In that position, he oversaw the ambulance rules in all 77 counties of the state. In 2005, the Department of Health began receiving complaints about a particular ambulance service. Ultimately, a settlement agreement was entered into with the owners of that service, whereby the service was to be provided by a different company. Following completion of the settlement, Plaintiff and others began to suspect that the terms of the settlement agreement had been breached. Upon consultation with counsel within the Department, Plaintiff ultimately launched an investigation into the actions of the ambulance service. Ultimately, a meeting was held between members of the ambulance service and various officials associated with the Department of Health. Plaintiff was not included in that meeting. Following the meeting, the investigation into the service was ended, Plaintiff was terminated, and the Department paid the ambulance service a settlement amount.

Plaintiff now asserts that he has sought employment elsewhere and on two occasions been denied employment as a result of stigmatizing statements made by employees of the Department. Seeking to vindicate his rights, Plaintiff filed the present action. Defendants

have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).[*] According to Defendants, Plaintiff has failed to adequately plead facts which establish a plausible claim for relief.

The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) has undergone some adjustment in the last five years. Beginning with the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court made clear that to survive a motion to dismiss a complaint must contain enough allegations of fact which taken as true "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. That is, a plaintiff must "nudge his claims across the line from conceivable to plausible" in order to survive a motion to dismiss. Id. Thus, the Court held mere labels and conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. Id. at 555.

Of course, as with any change in the law, a dispute arises as to whether the new standard is a minimal change or whether it requires a significantly heightened fact pleading standard. The Tenth Circuit has determined that the new standard is a "refined standard." Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011). In determining the proper method for application of the new refined standard, the Tenth Circuit first focused

---

[*] The Court fails to discern any portion of Defendants' motion that actually challenges the Court's power to decide a portion of the dispute. At best, the motion asks the Court to decline to exercise jurisdiction. Accordingly, the motion will be evaluated under Rule 12(b)(6).

on the concept of plausibility. In defining that concept, the court noted that it refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 550 U.S. at 570). Of course, the "nature and specificity of the allegations required to state a plausible claim will vary based on context." Kan. Penn, 656 F.3d at 1215. Thus, the Tenth Circuit has held that the Twombly/Iqbal standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the court stated will not do." Robbins, 519 F.3d at 1247 (internal quotation marks and citations omitted). While a plaintiff cannot be required to establish a prima facie case in a complaint, the elements of each alleged cause of action provide assistance in determining whether or not the plaintiff has set forth a plausible claim.

1.  Liberty Interest

Defendants first challenge Plaintiff's liberty interest claim, asserting that he has failed to satisfy the elements required for pleading such a claim. The Tenth Circuit has established a four-element test for determining whether or not a government entity infringes upon a liberty interest. "[F]irst, the statements must impugn the employee's good name, reputation, honor, or integrity; second, the statements must be false; third, the statements must occur in the course of terminating the employee or must foreclose other employment opportunities; and fourth, the statements must be published." Darr v. Town of Telluride, Colo., 495 F.3d

1243, 1255 (10th Cir. 2007), citing Workman v. Jordan, 32 F.3d 475, 481 (10th Cir. 1994). Defendants argue that Plaintiff's Complaint fails to demonstrate or plead that any statements were published and also argue that Plaintiff has failed to suggest that any of the Board Members could have been personally involved in the statements.

The Court finds Defendants' arguments well taken. Paragraph 36 of Plaintiff's Complaint states: "The Defendants have published their actions, whether directly or indirectly, to prospective future employers." This conclusory statement fails to plead with the particularity required under the Twombley/Iqbal standard. Paragraph 40 suffers from the same flaw. There, Plaintiff discusses the fact that on at least two occasions employees of the Department, acting under the direction of other Department employees, sought to gain additional disparaging information and to disseminate the same.

Finally, Plaintiff also alleges that Defendants' actions were intentional. However, Plaintiff fails to offer any meaningful explanation of the nature of the statements, to whom they were addressed, or how they stigmatized him. Indeed, as noted, the second element requires that the statement must be false. In his brief, Plaintiff argues that at least one of the stigmatizing statements was that he was ineligible for rehire. Plaintiff has failed to offer any factual or legal argument demonstrating that the statement was false. As for the other statement, in his brief Plaintiff simply discusses how the potential employer mentioned "the events involving the State" and that it would not be hiring him. (Dkt. No. 11, ¶ 16a.) Again, Plaintiff has failed to assert the falsity of any statement made to the potential employer. As a result, his claim fails the second element of the liberty interest test.

5

The Court notes an additional difficulty with Plaintiff's Complaint for the liberty interest claim. Because Plaintiff seeks to vindicate a constitutional right, his gateway to the Court is necessarily 42 U.S.C. § 1983. As a result he is subject to the law governing actions brought under that statute. As the Supreme Court stated in <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 694 (1978), "[a] a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, . . . the injury that the government as an entity is responsible under § 1983." Here, Plaintiff has failed to plead any factual basis demonstrating that his termination or the stigmatizing comments were made pursuant to an official policy or custom. As a result, he has failed to plead a valid § 1983 claim against the named Defendants.

Finally, the Court notes that Defendants Alezopulos, Krishna, Hart-Wolfe, Baldwin, Burger, Gerard, Davis, Smith, Woodson, and Durocher have no control or authority over any statements made by the employees of the Oklahoma State Department of Health. All of these individuals, other than Durocher, are Board Members for the Department of Health. Plaintiff has failed to plead any facts tying them to the creation of a policy or custom within the Department of Health which led to the alleged constitutional violation. As for Defendant Durocher, Plaintiff does not plead any facts tying him to the liberty interest claim at all. Because the liberty interest claim is necessarily brought pursuant to § 1983, there is no respondeat superior liability and there must be personal participation before the claim is valid.

For these reasons, Defendants' Motion to Dismiss will be granted as to Plaintiff's liberty interest claim. However, the dismissal will be without prejudice.

2. Public Policy

Plaintiff's second claim for relief alleges a violation of wrongful termination under Oklahoma's at-will doctrine. According to Plaintiff, he was fired for doing his job, in violation of Oklahoma's public policy. However, nowhere in Plaintiff's second claim for relief does he identify the applicable public policy. In his brief, Plaintiff argues that he relies on the Oklahoma Emergency Response Systems Development Act, 63 Okla. Stat. § 1-2502, stating it provides the public policy.

An exception to the at-will termination rule in Oklahoma has been identified, which should apply "in a narrow class of cases in which the discharge is contrary to a clear mandate of public policy as articulated by constitutional, statutory or decisional law." Burk v. K-Mart Corp., 1989 OK 22, ¶ 17, 770 P.2d 24, 28. The Oklahoma Supreme Court has consistently held that "the public policy exception must be tightly circumscribed." Id. at ¶ 18, 28-29. As part of this tight restriction on establishing the existence of public policies, the Oklahoma Supreme Court has consistently recognized that to state a public policy the statute relied on must touch on some aspect of the employment relationship. See Pearson v. Hope Lumber & Supply Co., Inc., 1991 OK 112, ¶ 17, 820 P.2d 443, 445; Shero v. Grand Sav. Bank, 2007 OK 24, ¶ 11, 161 P.3d 298, 301-302.

Here, Plaintiff has failed to demonstrate any connection between the Emergency Response Systems Development Act and his employment. Indeed, no part of the Act cited by Plaintiff touches in any way on any aspect of his employment. As a result, that Act cannot form the basis of a public policy and Plaintiff has therefore failed to state a claim for relief. Accordingly, Defendants' motion will be granted on this issue, again without prejudice.

3.  Declaratory Judgment

Plaintiff's third claim for relief seeks declaratory judgment on certain procedures undertaken by the Office of Accountability Systems. Particularly, Plaintiff argues that the Court should hold the application of confidentiality by the Board of Accountability System as subservient to rights granted by the Fifth and Fourteenth Amendments to the United States Constitution and find that its procedure is a violation of those rights. Defendants argue this claim is brought pursuant to 28 U.S.C. § 1367 and that the Court should decline to exercise supplemental jurisdiction over it. Whatever other flaws there may be with Plaintiff's request for declaratory relief, the count clearly raises a claim based on an alleged constitutional violation. Consequently, the Court has jurisdiction. The validity of Plaintiff's claim is an issue for another day. Defendants' motion will be denied.

## CONCLUSION

For the reasons set forth herein, Defendants' Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted or in the Alternative for Lack of Subject Matter Jurisdiction (Dkt. No. 7) is GRANTED in part and DENIED in part. Plaintiff's

liberty interest and Oklahoma public policy claims are DISMISSED without prejudice. Any amendment to correct the defects outlined herein must be filed on or before May 7, 2012.

IT IS SO ORDERED this 12th day of April, 2012.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge