IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-11-1140-C |
| | ) |
| JENNY ALEXOPULOS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action raising three claims for relief – that his termination by Defendants violated his liberty interests in protecting his good name; that his termination violated Oklahoma public policy; and seeking a declaratory judgment that certain records now held by the Office of Accountability Systems should be made public.

Plaintiff was employed by the Oklahoma Department of Health, working in the Emergency Services Division. After a dispute with an ambulance service provider, Plaintiff was terminated. Plaintiff filed the present action, raising the above-noted claims for relief, arguing his termination was improper. Defendants previously filed a Motion to Dismiss, challenging the adequacy of the factual allegations made by Plaintiff to support his claims. The Court, noting certain deficiencies in Plaintiff's allegation, granted the motion in part and denied it in part and gave Plaintiff leave to file an Amended Complaint. Plaintiff filed his Amended Complaint and Defendants now again seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

Defendants argue that Plaintiff has failed to state a claim for relief on his liberty interest claim. As the Court noted in its prior order, the Tenth Circuit has established a four-element test for determining whether or not a government entity infringes upon a liberty interest. "[F]irst, the statements must impugn the employee's good name, reputation, honor, or integrity; second, the statements must be false; third, the statements must occur in the course of terminating the employee or must foreclose other employment opportunities; and fourth, the statements must be published." Darr v. Town of Telluride, Colo., 495 F.3d 1243, 1255 (10th Cir. 2007) (citing Workman v. Jordan, 32 F.3d 475, 481 (10th Cir. 1994)).

In granting Defendants' prior Motion to Dismiss, the Court determined that Plaintiff failed to plead with the required particularity which Defendants had published stigmatizing statements. Additionally, the Court noted that there was a lack of particularity regarding whether or not the allegedly stigmatizing statements were, in fact, false. As noted, the Court granted Plaintiff leave to amend his complaint to correct these deficiencies. After review of the Amended Complaint, the Court finds Plaintiff has failed to adequately plead a claim for violation of his liberty interest.

In arguing the existence of false statements, Plaintiff points to statements made by certain parties who filed a complaint against him with the Oklahoma State Ethics Commission and the Office of Accountability Systems of the Department of Health. However, those statements, whether false or not, cannot give rise to a liberty interest claim as they were not made by his employer. See Sandoval v. City of Boulder, Colo., 388 F.3d 1312, 1329 (10th Cir. 2004). Plaintiff also complains that the statements by these

complaining parties were republished by a state representative. However, that person was also not Plaintiff's employer. Indeed, the only statements that Plaintiff attributes to his employer are nothing more than hearsay. Plaintiff alleges that he was being considered for hire by a new employer, and when checking on the status of his application, Plaintiff was told by the potential employer that he was not be eligible for their position "in light of what was going on down at the State." Plaintiff argues this is proof that his employer was making stigmatizing statements against him. Even ignoring the hearsay aspects of Plaintiff's allegations, the leap in logic required to treat the potential employer's statement as proof of stigmatizing statements by Defendants is too great. The statement is insufficient to "nudge [Plaintiff's] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff also alleges that another potential employer was informed that Plaintiff was not eligible for rehire. As the Court noted in resolving the prior Motion to Dismiss, Plaintiff can offer no evidence that this statement was either stigmatizing or untrue.

Plaintiff has also failed to allege facts demonstrating the statements were published around the time of his termination. Although Plaintiff references certain newspaper articles, he fails to offer any evidence or allegation that the statements in the newspaper articles came from his employer or that if statements were made by his employer that they occurred during the time of his termination. As noted above, the third element of the Workman test requires the statements to be made during the course of the termination or closely contemporaneous thereto. "'While the language of Workman may be susceptible to another reading, we

conclude that the Workman court did not intend to create a test under which a liberty interest might be infringed by any defamatory statement that might foreclose future employment opportunities." Guttman v. Khalsa, 669 F.3d 1101, 1126 (10th Cir. 2012) (quoting Renaud v. Wyo. Dep't of Family Servs., 203 F.3d 723, 728 (10th Cir. 2000)).  The Circuit has made clear that if the statements are made at some later time, such as when a potential employer calls for a reference check, any stigmatizing statements do not give rise to a liberty interest claim.  Id.

Ultimately, the Court determines that Plaintiff has failed yet again to plead facts sufficient to give rise to a liberty interest claim.  The defects in Plaintiff's Amended Complaint are virtually identical to the defects noted by the Court in its first Order granting Defendants' Motion to Dismiss.  Because Plaintiff did not correct these deficiencies, and does not seek leave to file a second amended complaint, the Court finds that Plaintiff is unable to plead a claim for a liberty interest violation.  Accordingly, the dismissal of his liberty interest claim will be with prejudice.  See Grossman v. Novell, Inc., 120 F.3d 1112, 1126 (10th Cir. 1997).

The remaining issues raised by Plaintiff raise violations of state law.  Accordingly, the Court declines to exercise supplemental jurisdiction over these claims and they will be dismissed without prejudice so that Plaintiff may pursue them before a court of the State of Oklahoma.  See 28 U.S.C. § 1367(c)(3).

For the reasons set forth herein, Defendants' Motion to Dismiss Amended Complaint of the Plaintiff for Failure to State a Claim upon Which Relief Can Be Granted, for Lack of

Subject Matter Jurisdiction and for Failure to Exhaust Administrative Remedies (Dkt. No. 23) is GRANTED.  Plaintiff's liberty interest claims are dismissed with prejudice.  All other claims are dismissed without prejudice.  A separate judgment will issue.

IT IS SO ORDERED this 17th day of September, 2012.

ROBIN J. CAUTHRON
United States District Judge